UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIC G. WALKER,**

    **Plaintiff,**

v.                                                                          CASE NO.:

**OFFICER ANTONIS ANTONIOU,**
individually; and
**CITY OF TEMPLE TERRACE**,

    **Defendants.**
_____/

## COMPLAINT AND REQUEST FOR A JURY TRIAL

The Plaintiff, Eric G. Walker, by and through his undersigned counsel, hereby sues the Defendants, Officer Antonis Antoniou and the City of Temple Terrace and in support alleges:

## INTRODUCTION

1. This is an action brought by a United States citizen, who at the time of the incident was a resident of Tampa, Florida, and who was the victim of false arrest, malicious prosecution, and an illegal search by Officer Antonis Antoniou.

2. Plaintiff alleges violation of his civil rights under the provisions of 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution.  Plaintiff also alleges that Officer Antonis Antoniou committed the state common law torts of false arrest and malicious prosecution. Plaintiff seeks compensatory relief, punitive damages, and costs, including attorneys' fees.

**JURISDICTION AND VENUE**

3. This action arises under the provisions of 42 U.S.C. §§ 1983 & 1988, and Florida statutory and common law. This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. § 1367.

4. All incidents material to this action occurred in Hillsborough County, Florida and Defendants were employed in Hillsborough County, Florida at the time of the incident. Venue is proper in this Court pursuant to Local Rule 3.1.

5. Plaintiff, Eric G. Walker, timely filed the notice of claim pursuant to Florida Statute § 768.28, on September 26, 2017, regarding supplemental state tort claims against the Defendants, and has provided Defendants the required amount of time to resolve the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

**PARTIES**

6. Plaintiff, Eric G. Walker, was an adult male resident of the State of Florida at all times relevant to this Complaint.

7. The Defendant, Officer Antonis Antoniou, was at all times relevant to this Complaint duly appointed and acting as an officer of the Temple Terrace Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Temple Terrace Police Department. Defendant, Officer Antoniou, is sued in his individual capacity.

8. The Defendant, CITY OF TEMPLE TERRACE, is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the Tampa Police Department. Defendant, CITY OF TEMPLE

TERRACE, receives federal funds. Defendant, CITY OF TEMPLE TERRACE, by and though its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Temple Terrace and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida. The City of Temple Terrace does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts, omissions, or intentional torts of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, § 768.28.

9. Each and all of the acts of the Defendants and other members of the Temple Terrace Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America and the State of Florida, under the color of law and by virtue of their authority as law enforcement officers for the Temple Terrace Police Department. At all times, Defendant was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

10. The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On November 1, 2016, Officer Antoniou performed a traffic stop on Mr. Walker for an expired tag near the intersection of Fowler Avenue and 53rd Street in Tampa, Florida.

12. While Officer Antoniou processed the traffic ticket, he called for a K-9 unit.

13. Officer Antoniou did not have facts supporting reasonable suspicion or probable cause of a crime.

14. Mr. Walker did not have a warrant for his arrest, and Officer Antoniou did not attempt to get a search warrant for Mr. Walker's car.

15. Approximately ten minutes later, Officer Richard Scilarbo and K-9 Aramis arrived.

16. The officers ordered Mr. Walker out of the vehicle while Officer Scilarbo and K-9 Aramis conducted a dog sniff search of Mr. Walker's vehicle.

17. K-9 Aramis allegedly alerted to the front driver and front passenger side of the passenger compartment of the vehicle, but not the trunk.

18. Officer Antoniou then searched the entire vehicle including the passenger compartment and the trunk without a warrant.

19. In the trunk and inside of a backpack, Officer Antoniou found a prescription pill bottle with the name of Annie Lang.

20. Annie Lang is Mr. Walker's mother and he had power of attorney for her. Often, Mr. Walker took his mother to her doctors' appointments, which required bringing her medications to inform her doctors what medications she was prescribed. Mr. Walker told the officers this information.

21. The prescription pills were allegedly oxycodone, which were indeed prescribed to Ms. Lang.

22. Mr. Walker was arrested by Officer Antoniou for possession of a controlled substance and possession of a drug without a prescription.

23. On February 2, 2017, Mr. Walker, through the Public Defender's Office, filed a Motion to Suppress.

24. On or about February 20, 2017, the State Attorney's Office entered a nolle prosequi dismissing both charges.

25. Mr. Walker spent 108 days in custody at the Hillsborough County Jail because of the arrest.

## COUNT I – 42 U.S.C. § 1983 FALSE ARREST CLAIM
## AGAINST DEFENDANT, OFFICER ANTONIOU

26. All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

27. Plaintiff was unlawfully seized by Defendant, Officer Antoniou, through the intentional confinement of Plaintiff when Defendant placed him under arrest.

28. The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

29. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

30. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

31. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of the ability to earn money, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation. Plaintiff claims and is entitled to punitive damages for the conduct alleged.

## COUNT II – STATE LAW FALSE ARREST/ FALSE IMPRISONMENT
## AGAINST OFFICER ANTONIOU

32. All allegations of paragraphs1 through 25 are re-alleged in full and adopted herein.

33. At all times relevant herein, Defendant, Officer Antoniou, acted with the intention of confining the Plaintiff, Eric G. Walker, within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

34. Defendant acted in bad faith and with malicious purpose as the Plaintiff, Eric G. Walker, had committed no illegal acts.

35. The Defendant's actions were unreasonable and unwarranted under the circumstances.

36. As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, Officer Antoniou, the Plaintiff suffered from bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. The nature of the count supports a claim for punitive damages in addition to compensatory damages.

**COUNT III – STATE LAW CLAIM FALSE ARREST/ FALSE IMPRISONMENT AGAINST CITY OF TEMPLE TERRACE – VICARIOUS LIABILITY (COURSE AND SCOPE)**

37. All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

38. Defendant, Officer Antoniou's, actions in holding Plaintiff beyond the scope of her consent and against her will, without probable cause, without process or authority of law, constitute wrongful, unlawful false imprisonment, which is actionable against Defendant, City of Temple Terrace.

39. The Defendant, Officer Antoniou, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

40. The actions of Defendant, Officer Antoniou, as described in the Complaint were performed in the course and scope of employment with the Temple Terrace Police Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

41. As a direct and proximate result of the acts of Defendant, Officer Antoniou, Plaintiff was arrested, detained, confined in jail and suffered from or incurred injury to her reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

42. Defendant, Officer Antoniou's, conduct is actionable against Defendant, City of Temple Terrace, pursuant to § 768.28, Fla. Stat. (2015).

**COUNT IV – 42 U.S.C. § 1983 MALICIOUS PROSECUTION
AGAINST DEFENDANT, OFFICER ANTONIOU**

43. All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

44. As a result of the actions taken by Defendant, Officer Antoniou, original judicial proceeding against present plaintiff was commenced and/or continued.

45. Defendant, Officer Antoniou, failed to consider potentially exculpatory information and refused to investigate impartially. Due to his improper actions, the Judge was

presented with false and misleading information. The criminal prosecution was a natural consequence of the defendant's account of the actions of the surrounding circumstances.

46. Defendant, Officer Antoniou, was the legal cause of original proceeding.

47. The original proceedings constituted bona fide termination of that proceeding in favor of the Plaintiff. Ultimately, both counts were Nolle Prossed by the State Attorney's Office on or about February 20, 2017.

48. There was no probable cause for the original proceeding.

49. The actions of Defendant, Officer Antoniou, were done with malice.

50. Plaintiff, Eric G. Walker, suffered damages as result of the false arrest.

### COUNT V – STATE LAW CLAIM OF MALICIOUS PROSECUTION AGAINST DEFENDANT, OFFICER ANTONIOU, INDIVIDUALLY

51. All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

52. As a result of the actions taken by Defendant, Officer Antoniou, original judicial proceeding against present plaintiff was commenced and/or continued.

53. Defendant, Officer Antoniou, failed to consider potentially exculpatory information and refused to investigate impartially. Due to his improper actions, the Judge was presented with false and misleading information. The criminal prosecution was a natural consequence of the defendant's account of the actions of Plaintiff, Eric G. Walker, and its surrounding circumstances.

54. Defendant, Officer Antoniou, was the legal cause of original proceeding.

55. The original proceedings constituted bona fide termination of that proceeding in favor of the Plaintiff. Ultimately, both charges were Nolle Prossed by the State Attorney's Office on or about February 20, 2017.

56. There was no probable cause for the original proceeding.

57. The actions of Defendant, Officer Antoniou, were done with malice.

58. Plaintiff, Eric G. Walker, suffered damages as result of the false arrest and malicious prosecution.

### COUNT VI – 42 U.S.C. § 1983 UNREASONABLE SEARCH AND SEIZURE AGAINST DEFENDANT, OFFICER ANTONIOU

59. All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

60. Plaintiff and his vehicle were unlawfully searched and seized by Defendant, Officer Antoniou.

61. The warrantless search and seizure of Plaintiff and his vehicle without arguable probable cause violated Plaintiff's Fourth Amendment rights, or in the alternative, Defendant detained Plaintiff for an unreasonable amount of time.

62. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that there was a justifiable basis to detain, search, and seize Plaintiff and his vehicle.

63. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to search Plaintiff and his vehicle or that Defendant detained Plaintiff for a reasonable amount of time.

64. The illegal search and seizure led to the arrest of Plaintiff.

65. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of the ability to earn money, humiliation, embarrassment,

shame, fright, disgrace, injury to his feelings, and loss of reputation. Plaintiff claims and is entitled to punitive damages for the conduct alleged.

## DAMAGES

66. The Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint, as if fully set forth herein.

67. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff, Eric G. Walker's, constitutional rights were violated and Plaintiff, Eric G. Walker, suffered injuries and damages. Plaintiff, Eric G. Walker, seeks recovery from the Defendants of all damages to which she may be entitled under federal law for the injuries and damages to Plaintiff, Eric G. Walker, and which include, but are not limited to, the following:

    a. Emotional Pain and Suffering of a past, present and future nature;

    b. Loss of Enjoyment of Life of a past, present and future nature;

    c. Loss of Earning Capacity of a past, present and future nature;

    d. Punitive damages for Counts I, IV, and VI;

    e. Pre- and Post-Judgment Interest as to Officer Antoniou;

    f. Post-Judgment as to the City;

    g. Statutory and Discretionary Costs;

    h. Attorney's fees where permitted by 42 USC § 1988 or state law;

    i. All such further relief, both general and specific, to which she may be entitled under the premises.

## **REQUEST FOR JURY TRIAL**

Plaintiff, Eric G. Walker, requests a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this **28th** day of **October 2020**.

                        **MICHAEL P. MADDUX, P.A.**

                        *s/ Michael P. Maddux*

                        Michael P. Maddux, Esquire
                        Florida Bar Number: 964212
                        Trial Counsel for Plaintiff
                        2102 West Cleveland Street
                        Tampa, Florida 33606
                        Telephone: (813) 253-3363
                        Facsimile: (813) 253-2553
                        E-Mail: mmaddux@madduxattorneys.com